UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Hard Yaka LLC; Robert Gregory Kidd, an individual, | Case No. 2:25-cv-00387-CDS-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Hard Yaka Ventures GP, LLC; et al., | |
| Defendants, | |
| Kevin Leiske, an individual; Brett Beldner, an individual; Margaret Slemmer, an individual; Joseph Christopher Lewis, an individual, | |
| Intervening Defendants. | |

Before the Court is Plaintiffs and Intervening Defendants' joint discovery plan.  (ECF No. 89).  No other party has responded to the joint discovery plan, constituting their consent to the Court granting it.  *See* LR 7-2(d).  However, Plaintiffs and Intervening Defendants have proposed conflicting schedules and set forth conflicting positions regarding witness depositions.  The parties also propose that they request a conference with the undersigned magistrate judge prior to moving for any order related to discovery.  The Court addresses each of these issues below.

    **I.**    **Staying discovery.**

Intervening Defendants propose that the Court stay discovery pending the outcome of their motion to dismiss.  They argue that their motion is potentially dispositive, can be decided without further discovery, and that if the Court were to take a preliminary peek at the motion, it would determine that the Intervening Defendants have shown a likelihood of dismissal. Intervening Defendants add that Plaintiff Robert Gregory Kidd has contractually promised to advance the fees and costs of this litigation, but now has refused to do so.  So, Intervening

1   Defendants assert that continuing this litigation would compound the prejudice they face from
2   Kidd's refusal.
3       Plaintiffs propose that discovery proceed. They dispute that Intervening Defendants
4   motion to dismiss will be successful. They do not address Kidd's promise to advance fees.
5       The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of
6   discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of
7   L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed.
8   R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause. The Ninth
9   Circuit has not provided a rule or test that district courts must apply to determine if good cause
10  exists to stay discovery. But it has identified one scenario in which a district court may stay
11  discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit
12  has held that a district court may stay discovery when it is convinced that the plaintiff will be
13  unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797,
14  801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery
15  when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska
16  R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).
17      Based on this Ninth Circuit law, district courts in the District of Nevada typically apply
18  the preliminary peek test to determine when discovery may be stayed. *See, e.g.*, *Kor Media
19  Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). However, the test this Court employs
20  considers (1) whether the dispositive motion can be decided without further discovery, and
21  (2) whether good cause exists to stay discovery. *Gibson v. MGM Resorts International*, No. 2:23-
22  cv-00140-MMD-DJA, 2023 WL 4455726, at *3 (D. Nev. July 11, 2023). Good cause may be
23  established using the preliminary peek test, but it may also be established by other factors not
24  related to the merits of the dispositive motion. For example, in many cases, the movant seeks a
25  stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1).
26  Accordingly, the movant must establish what undue burden or expense will result from discovery
27  proceeding when a dispositive motion is pending. Ultimately, guided by Fed. R. Civ. P. 1, the
28  Court is trying to determine "whether it is more just to speed the parties along in discovery and

other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603. "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Here, the Court does not find that the Intervening Defendants have shown good cause to stay discovery. The Court does not find that the Intervening Defendants assertions that their motion to dismiss is likely to be successful and that it does not require further discovery is enough, alone, to justify staying discovery. And Intervening Defendants argument that they believe Kidd should be financing the litigation is not developed enough for the Court to determine whether it constitutes good cause. So, the Court denies Intervening Defendants' request to stay discovery.

## II.     Discovery schedule.

Although both Plaintiffs and Intervening Defendants propose that "[d]iscovery can be conducted in a single phase, without a need for phasing," they nonetheless propose discovery phased into fact discovery and expert discovery. The Local Rules do not provide for bifurcated fact and expert discovery. And the Court is not inclined to set the bifurcated schedule the parties propose without robust explanation about why that schedule is appropriate. This is because bifurcated discovery often leads to disputes over whether discovery is properly "fact" or "expert" discovery. So, the Court declines to set the parties' proposed bifurcated schedule.

However, the Court will extend the discovery deadlines because Plaintiff adequately explains that the extended schedule "is necessary given the number and complexity of issues presented, as well as the number of parties." So, the Court will enter Plaintiff's proposed discovery period—ending on March 10, 2026—but will calculate all remaining deadlines based off of that close of discovery in accordance with the Local Rules. The Court will further set a deadline, fourteen days after the date of this order, for the parties to exchange initial disclosures.


**III.    Witness depositions.**

Plaintiffs propose that each named party defendant make themselves available for three days of deposition, not to exceed seven hours on the record for each day. They further propose that any non-party witness over which any party has control shall be available for two days of deposition, not to exceed seven hours on the record for each day. Intervening Defendants assert that the parties should abide by the deposition limits set forth in the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 30(d)(1), unless otherwise stipulated or ordered, "a deposition is limited to 1 day of 7 hours." "Extensions are the exception, not the rule." *Tankersley v. MGM Resorts International*, No. 2:20-cv-00995-RFB-DJA, 2022 WL 1395457, at *3 (D. Nev. Apr. 18, 2022). "The party seeking a court order to extend the examination, or to otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment.

The Court declines to extend the duration of depositions as Plaintiffs propose. Plaintiffs do not provide good cause to justify extending these depositions in the discovery plan. So, the Court will approve the Intervening Defendants' proposal of having the depositions proceed according to the Federal Rules.

**IV.    Magistrate judge conferences.**

The Court declines to enter the parties' proposed provision that "[t]he parties shall be required to request a conference with the assigned magistrate judge prior to moving for any order relating to discovery." If the parties encounter a discovery dispute, they must meet and confer as required by the Federal and Local Rules in an attempt to resolve the dispute without Court involvement. If they are unable to resolve their dispute on their own, they may bring the appropriate motion.

///

///

///

**IT IS THEREFORE ORDERED** that the joint discovery plan (ECF No. 89) is **granted in part and denied in part.** It is denied in part regarding Intervening Defendants' request to stay discovery, Plaintiffs' proposed discovery schedule, both Intervening Defendants and Plaintiffs' proposals regarding initial disclosures, Plaintiffs' proposed extension of depositions, and the parties' magistrate judge conference proposal. It is granted in all other respects.

**IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

| | |
|---|---|
| Initial disclosures: | July 25, 2025 |
| Amend pleadings/add parties: | December 10, 2025 |
| Expert disclosures: | January 9, 2026 |
| Rebuttal expert disclosures: | February 9, 2026 |
| Close of discovery: | March 10, 2026 |
| Dispositive motions: | April 9, 2026 |
| Joint pretrial order: | May 11, 2026[1] |

DATED: July 11, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.